jT?ke ojpinion of the Court was delivered by

Mr. Justice Huger,

The defence in this case is a failure of consideration in part for the note. It is contended that the younger Butler was entitled to a part Of thé negroes, and therefore his brother and sister could not sell more than their right; which was but two-thirds. What became of the'rest of the intestate’s'estate's, does not appear. That there were other negroes, has hot been 'denied. This fact, when coupled with the twenty-seveh years quiet possession Of Mrs. Bulow, raised an irresistible presumption that she got this hegro as her distributive part of the estate *5 of her father; and that to her two brothers and mother, were allotted the other negroes. If this had not been so, it is difficult to account for the forbearance of the younger Butler. How old he was when he first came to this state, twenty-seven years ago, does not appear. Since that period (whatever may hgve been his age then) he has had ample time to prosecute his rights, if he had any. In the case of M'Clure and Hill, (2 Con. De. 420) it was decided that thirty years possession of land was sufficient foundation for the presumption of a grantfromthe state; and the judge who delivered die opinion of the court, suggested that twenty would be sufficient. If in twenty years a grant-may be presumed against the' state, after twenty-seven, the younger Butler may very well be regarded as having relinquished his claim to the property in question. If this presumption could require any further support, it is to be found in the fact, that Defendant himself has held these negroes long enough to perfect his title by possesion.
The motion for a new trial is refused. —
Johnson, J\rott, Richardson, Colcoclc, Justices concurred.